IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: JAMES R. JOHNSON, ) | Bankruptcy Case No. 15-10365-BLS |
| ) | |
| Debtor, ) | Bankruptcy Appeal No. 15-00046 |
| ) | |
| ──────────────────────── ) | |
| ) | |
| JAMES R. JOHNSON, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | Civ. No. 15-792-GMS |
| ) | |
| UNITED STATES TRUSTEE, ) | |
| ) | |
| Appellee. ) | |

**MEMORANDUM ORDER**

At Wilmington this 28th day of July, 2016, having considered the appellant's applications to proceed without prepayment of fees pursuant to 28 U.S.C. § 1915 (D.I. 8, 10);

IT IS ORDERED THAT: (1) the applications (D.I. 8, 10) are DENIED without prejudice to renew; and (2) on or before August 22, **2016**, the appellant/debtor shall pay the $298.00 filing fee, payable to the United States Bankruptcy Court for the District of Delaware (Office of Clerk, U.S. Bankruptcy Court, 824 Market Street, Wilmington, DE 19801) **or** submit to the United States District Court (Office of Clerk, 844 N. King Street, Wilmington, DE, 19801) a complete application to proceed without prepayment of fees (AO Form 239, copy attached) and brief explaining the discrepancies in the appellant's filings, for the reasons that follow:

1. The appellant James R. Johnson ("the appellant") who appears *pro se*, filed this bankruptcy appeal without prepayment of the filing fee or an application to proceed *in forma*

*pauperis*. As a result, on September 21, 2015, the court ordered the appellant to either pay the $298.00 filing fee or submit a long form application to proceed in District Court without prepaying fees or costs, AO 239. (D.I. 3) In turn, the appellant submitted an application but, instead of the long form application, submitted a short form application, AO 240. (D.I. 8.) The court entered a second order on October 7, 2015 (D.I. 9), that reiterated the appellant was required to either pay the filing fee or submit a long form application to proceed in District Court without prepaying fees or costs, AO 239. (D.I. 10.)

2. The appellant complied with the order and submitted the long form application on October 23, 2015.[1] The application indicates that the appellant has a monthly income of $648.00, a home valued at $300,000, and total monthly expenses of $5,714. Acting United States Trustee Andrew R. Vara ("the trustee") opposes the motion. (D.I. 11.) The trustee, relying upon sworn bankruptcy filings by the appellant, states that the information in the appellant's application differs from information the appellant provided in bankruptcy proceedings filed by the appellant and his spouse. For example, the trustee advises that the appellant's recent bankruptcy filings showed more than $3,600 in combined monthly income during the last 12 months, while the instant application disclose only $628. In addition, the application filed in this appeal fails to disclose several other assets claimed in the appellant's bankruptcy schedules and includes more monthly expenses than the appellant previously claimed. *See* Bankr. D. Del. Case No. 15-10365, D.I. 1 at 8, 11, 23, 26, 28 and Case No. 15-10894, D.I. 1 at 7, 22, 25, 28; D.I. 20 at 3.

---

[1] The court inadvertently entered a third order on November 5, 2015, after appellant had submitted the long form application. (D.I. 15.)

3. The *in forma pauperis* statute, 28 U.S.C. § 1915, "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Section 1915(a) allows a litigant to commence a civil or criminal action in federal court *in forma pauperis* by filing in good faith an affidavit stating, among other things, that he is unable to pay the costs of the lawsuit. *See Neitzke*, 490 U.S. at 324; *Douris v. Middletown Twp.*, 293 F. App'x 130, 132 (3d Cir. 2008) (unpublished).

4. The decision to grant *in forma pauperis* status turns on whether an applicant is "economically eligible" for such status. *Taylor v. Supreme Court of New Jersey*, 261 F. App'x 399, 400 (3d Cir. 2008) (unpublished) (quoting *Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976)). A person need not be "absolutely destitute" to proceed *in forma pauperis*, however, an affiant must show the inability to pay the filing and docketing fees. *Id.* (citations omitted).

5. The court takes judicial notice of the discrepancies between the application at issue and filings by the appellant in the bankruptcy court, all having been filed under penalty of perjury. The court also notes that the appellants provided the information at issue in the bankruptcy court on February 23, 2015 (D. Del. Case No. 15-10365, D.I. 1), April 27, 2015, and May 10, 2015 (D. Del. Case No. 15-10894, D.I. 1, 20), all prior to the time this appeal was commenced on September 9, 2015. It may be that the appellant's financial circumstances have changed. Therefore, given the appellant's representation of his assets in the bankruptcy filings that are at odds with the filing in the instant appeal, the appellant will be given one final opportunity to submit a long form application to proceed in District Court without prepaying fees or costs, AO 239, or to pay the filing fee owed. Should the appellant opt to seek *in forma pauperis* status, due to the discrepancies noted, the appellant shall provide the court with an

explanation of the reasons for the discrepancies between the bankruptcy court filings and the long form application to proceed in District Court without prepaying fees or costs, AO 239, filed by the appellant on October 9, 2015 (D.I. 10) as well as any discrepancies between the bankruptcy court filings and those in a newly filed long form application.

6. **Failure to timely comply with the order shall result in dismissal of this appeal without prejudice.**

_____
UNITED STATES DISTRICT JUDGE